United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO S DIAZ,<br>Plaintiff,<br>v.<br>CYNTHIA ROJAS, et al.,<br>Defendants. | Case No. 26-cv-04794-TLT<br>**ORDER OF SERVICE** |

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The case was related to 25-cv-02820-TLT, *McKenzie v. Borla*, which raises similar or identical allegations. The complaint (Dkt. No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the complaint is ordered served on defendant Rojas.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B. Plaintiff's Claims**

The complaint names the CTF Warden Cynthia Rojas and the California Department of Corrections and Rehabilitation (CDCR). He alleges that defendants have violated his Eighth Amendment rights by housing him in an unconstitutionally small cell.

Plaintiff seeks damages.

**C. Analysis**

Defendant CDCR is dismissed as a defendant because it is an agency of the state and therefore has Eleventh Amendment immunity from suit for damages.

While the Constitution does not mandate comfortable prisons, it does require that prisoners

have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendant Rojas for inadequate living space.

## CONCLUSION

1. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Rojas.

2. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

a. Cynthia Rojas, Warden of CTF

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

United States District Court
Northern District of California

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaints. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint. No answer is due while the case is stayed pursuant to the bellwether order.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

5. Briefing is currently stayed while the Court decides whether to set a bellwether case. After the Court resolves the motion to set a bellwether case, the Court will either stay the non-bellwether cases (if it grants the motion) or set a briefing schedule in each of the related cases (if it denies the motion).

6. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: September 3, 2026

TRINA L. THOMPSON
United States District Judge